**Electronically Filed
Intermediate Court of Appeals
30566
16-JUN-2011
09:07 AM**

NO. 30566

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
CHERENFANT PIERRE-LOUIS, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(FC-CRIMINAL NO. 09-1-1843)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Cherenfant Pierre-Louis ("Pierre-Louis") appeals from the Amended Judgment of Conviction and Sentence Nunc Pro Tunc filed on May 25, 2010[1] ("Amended Judgment") in the Family Court of the First Circuit [2] ("Family Court"). Pierre-Louis was convicted by a jury of Abuse Of Family And Household Members in violation of Hawaii Revised Statutes ("HRS") § 709-906 (Supp. 2010),[3] and was sentenced to two years

---

[1] The Family Court's original judgment was filed on May 20, 2010. On June 16, 2010, Pierre-Louis filed his notice of appeal from the original judgment, and attached it as Exhibit "A". The State identifies no prejudice arising from Pierre-Louis's failure to properly designate the Amended Judgment in his notice of appeal. Consequently, and based on Rule 3(c)(2), Hawai'i Rules of Appellate Procedure ("An appeal shall not be dismissed for informality of form or title of the notice of appeal"), we treat this appeal as though arising from the Amended Judgment.

[2] The Honorable Edward Kubo, Jr. presided.

[3] HRS § 709-906(1) provides in relevant part:

> (1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member . . . .
>
> For the purposes of this section, "family or household member" means spouses or reciprocal beneficiaries, former spouses or reciprocal beneficiaries, persons who have a child in common, parents, children, persons related by consanguinity, and persons jointly residing or formerly residing in the same dwelling unit.

of probation, two days imprisonment with credit for time served, and required to pay a Crime Victim Compensation Fee of $55.

On appeal, Pierre-Louis contends that the Family Court erred: (1) in denying his request to introduce evidence of the complaining witness's ("CW") drug use and dishonesty regarding her drug use; (2) because there was no substantial evidence to support his conviction for Abuse of Family and Household Member; and (3) because Pierre-Louis received ineffective assistance of counsel, in that trial counsel failed to (a) object to opinion testimony offered by Honolulu Police Department Officer Rindell Lum, (b) introduce evidence of CW's abuse and neglect of her children, (c) object to CW's use of an interpreter during her testimony, and (d) object to the jury pool array.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we affirm the Amended Judgment and resolve Pierre-Louis's points of error as follows:

(1) The Family Court did not abuse its discretion in refusing to admit evidence of CW's drug use or dishonesty about any such drug use. "The responsibility for maintaining the delicate balance between probative value and prejudicial effect lies largely within the discretion of the trial court." *State v. Asuncion*, 110 Hawai'i 154, 166, 129 P.3d 1182, 1194 (App. 2006) (quoting *State v. Brantley*, 84 Hawai'i 112, 118, 929 P.2d 1362, 1368 (App. 1996)) (probative value of prior evidence of defendant's violent behavior toward CW outweighed prejudice in light of CW's recantation of her statement to the police).

Evidence that the CW may have used drugs at some point in the past is not probative of any material fact in the case. Consequently, it was inadmissible. Haw. R. Evid. 402, 404.[4]

---

[4]    Pierre-Louis contends, *inter alia*, that CW's credibility was an issue at trial, and refers to *State v. Sabog*, 108 Hawaii 102, 117 P.3d 834 (2005) as holding that evidence of a witness's drug use is relevant to determine credibility. Sabog, however, does not stand for the proposition cited. Rather, the court in Sabog held that (1) drug addiction and use may *not* be used to attack a witness's general reliability or veracity (108 Hawaii at 109), but that (2) the defendant should have been permitted to cross-

Evidence that the CW lied about that drug use, however, is probative of the witness' untruthfulness. Haw. R. Evid. 608(b). In such a case, the court balances the probative value of the evidence against the danger of unfair prejudice. Haw. R. Evid. 403. "While [Hawaiʻi Rules of Evidence ("HRE")] Rule 608 invests the trial judge with discretion to admit extrinsic evidence, the HRE Rule 403 balancing test will dictate exclusion of that extrinsic evidence in certain cases." *State v. Culkin*, 97 Hawai'i 206, 221, 35 P.3d 233, 248 (2001) (citing HRE Rule 608 - 1992 Supplemental Commentary).

Under the facts of this case, we cannot conclude that the trial court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice in concluding that the prejudice outweighed the probative value of the evidence.

(2) Although the record reflects that the CW may have initiated the encounter at the martial arts dojo, and that she may also have violated the terms of a June 24, 2009 Order for Protection entered by the Family Court in doing so, the record also discloses substantial evidence to support Pierre-Louis's conviction.

Pierre-Louis contends that he did not hit, punch, or kick the CW, "and this was verified by two eyewitnesses." However, physical abuse does not require hitting, punching, or kicking. Physical abuse is to cause "bodily injury to another person." *State v. Nomura*, 79 Hawaiʻi 413, 416, 903 P.2d 718, 721 (App. 1995). Meanwhile, the meaning of "bodily injury" includes "physical pain." HAW. REV. STAT. § 707-700.

It is undisputed that Pierre-Louis had a physical altercation with the CW. Pierre-Louis admits that one of the witnesses, Serenia Bloomfield, saw Pierre-Louis "use[] his . . . hand to push away CW in her chest . . . [and his] open hand moved up to CW's face during the struggle." CW testified that Pierre-

---

examine the CW as to drug use and addiction at or near the time of the incident to the extent that it affected her perception or recollection of the alleged event (108 Hawaii at 111). Pierre-Louis did not raise the issue of the CW's "perception or recollection" below, focusing instead on "truthfulness."

Louis struck her in the face and on her legs causing her physical pain. Finally, Officer Lum testified that when he arrived at the scene, he interviewed the CW, documented her apparent injuries, and determined that Pierre-Louis was the aggressor.

Considering the evidence, as we must, in the strongest light for the prosecution, the jury was entitled to infer based on the witness testimony in this case that Pierre-Louis caused bodily injury to, and hence physically abused, the CW. Thus, there was substantial evidence to support the jury's decision.

(3) Pierre-Louis fails to establish that his trial counsel committed errors or omissions that resulted in the withdrawal or substantial impairment of a potentially meritorious defense. *State v. Wakisaka*, 102 Hawai'i 504, 513-14, 78 P.3d 317, 326-27 (2003) (setting out the standard of review).

(a) Pierre-Louis contends that when Officer Lum testified that he determined that Pierre-Louis was the aggressor, his trial counsel should have objected to the use of the word "aggressor" as an improper opinion that lacked foundation as required by HRE Rule 701. Pierre-Louis cites no authority for the proposition that counsel's failure to raise a lack-of-foundation objection constitutes ineffective assistance, and we are aware of none. Pierre-Louis makes no other argument in support of his contention that counsel's failure to object to this testimony rendered her assistance ineffective.

(b) Pierre-Louis argues that his counsel should have questioned CW on cross-examination about her "abuse and neglect of her children, pursuant to Family Court social studies and [Child Protective Services ("CPS")] investigations", because, according to Pierre-Louis, a "[r]igid cross-examination and follow-up would have been key in undermining CW's credibility and exposing CW as an unsafe and erratic person."

Pierre-Louis's argument is entirely speculative. Trial counsel asked CW about the CPS investigations and CW admitted that CPS was monitoring her at the time of the incident. CW also acknowledged, in light of counsel's questioning, that she was only permitted supervised visitation with her children after the couple's divorce. Pierre-Louis offers no explanation for how

additional questions on the same topic or introduction of the CPS report would have affected a potentially meritorious defense, nor do we determine that it would.

(c) Counsel's failure to object to CW's use of an interpreter was objectively reasonable and did not amount to ineffective assistance. "Defense counsel's tactical decisions at trial normally will not be questioned by a reviewing court." *State v. Onishi*, 64 Haw. 62, 63, 636 P.2d 742, 743 (1981) (citing *State v. Antone*, 62 Haw. 346, 352, 615 P.2d 101, 106 (1980).

The Hawaiʻi Supreme Court has held that "courts have inherent equity, supervisory, and administrative powers as well as inherent power to control the litigation process before them." *State v. Sakamoto*, 101 Hawaiʻi 409, 415, 70 P.3d 635, 641 (2003) (quoting *State v. Harrison*, 95 Hawaiʻi 28, 32, 18 P.3d 890, 894 (2001)). As a result, "use of interpreters was a matter for the . . . court's discretion." *Gonzales v. United States*, 33 F.3d 1047, 1051 (9th Cir. 1994) (citing *United States v. Mayans*, 17 F.3d 1174, 1179 (9th Cir. 1994)).

(d) Pierre-Louis contends that his defense counsel should have made "a record of [the] issue" that the CW was a female Japanese national and Pierre-Louis was a black man of Haitian ancestry, and (presumably) that counsel's failure to make such a record amounted to ineffective assistance. Pierre-Louis does not explain how the nationality or ancestry of the two parties relate to the jury array or warranted an objection to the jury's composition.

Although Pierre-Louis's counsel did not object to the jury array, she did ask questions designed to determine whether jurors had preconceived notions of Pierre-Louis because he was a defendant, a member of the armed forces, or because he was male. Defense counsel also questioned jurors to determine whether they would feel sympathetic with the CW because she was allegedly the victim of abuse or because of her use of an interpreter.

There is no evidence that counsel's failure to object to the jury array fell below the range of competence demanded of attorneys in criminal cases, prejudiced Pierre-Louis in any fashion, or impaired an otherwise meritorious defense.

Therefore,

IT IS HEREBY ORDERED that the Amended Judgment filed on May 25, 2010 in the Family Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, June 16, 2011.

On the briefs:

Nelson W.S. Goo
for Defendant-Appellant.


Brian R. Vincent,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge